The opinion of. the Court was delivered by
Parker C. J.
We are of opinion that the attachment made under the writ in favor of the demandant, on which judgment was rendered and levy made on the demanded premises. *489 cannot avail against the tenant’s title under the deed of H. W. Strong, the judgment debtor, to Joel Saxton, connected with the original contract for the purchase of the land and the continued possession of Saxton for twenty-six years, and the consideration paid according to that contract.
It appears in the case reported, that the writ above mentioned was made out by the brother of the demandant, then a deputy sheriff, and there is reason to believe that this was done without any authority from the demandant, and even without his knowledge ; so that the presumption arising from that and other circumstances in the case, is very strong, that the deputy sheriff himself, who filled out the writ, and not the demandant, had the property of the note at the time when the writ was served. [1] But without regarding these circumstances, we consider the provision of the St. 1783, c. 44, § 3, as decisive against the claim of the demandant. The provision is, that “ no sheriff or his deputy shall be allowed to draw, make or fill up any plaint, declaration, writ or process, or to draw or make any plea for any other person ; but all such acts done by either of them shall be void.” [1] If void according to the terms of the statute, then all proceedings under a writ so made out must be entirely nugatory, and there would be nothing to intercept the tenant’s title. But it has been argued, that by judicial construction of like words in British acts of parliament and Massachusetts statutes, the extent and force of the term void have been limited, so that in truth it means voidable, or to be made void by some plea or act of the party in favor of whose interests such statutes are set up. And there is no doubt that such decisions have taken place both here and in England, and that they are founded in good sense and reason, and conform to the intention of the legislature in their use of the term. An infant’s acts, by the common law, are said to he void, and yet they may be confirmed on his coming of age ; which is inconsistent with their absolute nullity.[2] Usurious debts and gaming contracts are declared to be void, and yet *490 a plea is necessary to avoid- them, and a judgment precludes a party from showing they were void. The cases cited by the demandant’s counsel sufficiently establish this point. But this case is distinguishable from any of those cited, for the defence does not seek to avoid the judgment upon a writ which the debtor did not himself see fit to avoid by plea or motion to the court, but only that the rights of the tenant shall not be injuriously affected by an act which the statute had peremptorily prohibited and declared to be void.
One of the objects of the legislature in making this provision probably was, to prevent unjust preferences in attachments by the instrumentality of sheriffs or their deputies, who have great opportunities and means of defrauding creditors by secret attachments. In most cases the parties to the action would be privy to the doings of the sheriff, and in all cases the plaintiff m the suit would be presumed to have authorized his acts. Subsequent attaching creditors and purchasers, knowing of such writs, have a right to consider them void, and if they can be made good by the consent of the debtor to suffer judgment, the intention of the legislature would be frustrated. Third parties'then so situated must have a right to question the validity of such attachments, and there is no other way of exercising that right, than by showing the fact when the title founded upon the attachment shall be set up against them. There is no need, for this purpose, of avoiding the judgment ; that may be conclusive between the parties to it, but the levy, which is good only in virtue of the attachment, may be avoided, and the judgment creditor made to seek satisfaction from some other property.
The title remained in Strong, notwithstanding the attachment, until the execution of his deed to Joel Saxton. Strong parted with his right by that deed to Saxton, who was in possession with an equitable title to the land, which he could have enforced upon his bond by a bill in equity. The question is, whether the attachment was an incumbrance or lien which could afterwards be converted into a title by the levy. It was no incumbrance against a bond fide purchaser, because by statute the writ and attachment were void, and in regard to *491 Saxton were avoided by the conveyance to him. If Strong should attempt to avoid the judgment by error, then the cases which have been cited will apply.

 See Revised Stat c. 14, § 79.

 See Revised Stat. c. 14, § 79; c. 88, § 29; Clark v. Lyman, 10 Pick. 45.

 See Thompson v. Lay, 4 Pick. (2nd ed.) 49, note 1.